UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>845 Nassau Road LLC,<br><br>Debtor. | Case No. 8-26-70051-las<br><br>Chapter 7 |

## MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d)(1) ANNULLING THE AUTOMATIC STAY

### PRELIMINARY STATEMENT

1. This case involves a commercial mortgage loan that was fully adjudicated in state court prior to the bankruptcy filing. The Debtor, 845 Nassau Road LLC, filed a pro se Chapter 7 petition less than two days before a duly scheduled foreclosure auction, failed to provide accurate creditor information, and did not list the Movants or their foreclosure counsel on the creditor matrix. As a result, neither the Movants nor their counsel received notice of the bankruptcy filing prior to the auction.

2. The foreclosure auction proceeded in good faith, resulted in the execution of signed auction documents, and is expected to generate approximately $93,000.56 in surplus (See calculation annexed hereto as **Exhibit A**) proceeds for the benefit of the debtor. The Debtor did not tender any funds, seek redemption, or otherwise attempt to cure the mortgage default prior to the foreclosure sale.

3. Under these circumstances, cause exists to annul the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Annulment will not prejudice the estate and, in fact, preserves value for the estate due to the existence of surplus proceeds from the foreclosure sale, while also preserving the finality of a completed commercial foreclosure transaction.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, as this

1

motion arises under title 11 of the United States Code and concerns the enforcement and modification of the automatic stay. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G), as it seeks relief from the automatic stay. Venue is proper in this District pursuant to 28 U.S.C. § 1408 because the Debtor commenced this bankruptcy case in the Eastern District of New York.

## STATEMENT OF FACTS

### A. THE COMMERCIAL LOAN AND FORECLOSURE PROCEEDINGS

5. The Movants are the holders of a commercial mortgage encumbering real property located at 845 Nassau Road, Uniondale, New York, 11553 (the "Property"). The Debtor is the borrower under the said mortgage and the Note pertaining thereto.

6. The loan at issue is a commercial loan, not consumer or residential in nature. After the Debtor defaulted under the terms of the loan by failing to make timely payments under the terms of the loan, issued a notice of default and later the Movant commenced a foreclosure action in the Supreme Court of the State of New York, Nassau County, under the matter entitled *ELLIOT GALPERN et al v. 845 NASSAU ROAD, LLC et al*, Index No 601057/2024.

7. The state court awarded the Creditor a Summary Judgment (See Order awarding Summary Judgment annexed hereto as **Exhibit B**) and subsequently entered a Judgment of Foreclosure and Sale (See Judgment of Foreclosure and Sale annexed hereto as **Exhibit C**), and a foreclosure auction was duly scheduled for January 8, 2026, in accordance with that judgment.

### B. THE GUARANTOR DID NOT SEEK BANKRUPTCY PROTECTION

8. The Debtor is a limited liability company, and upon information and belief, no individual principal or related party sought bankruptcy protection in connection with the foreclosure proceedings.

9. The absence of any guarantor bankruptcy filing further demonstrates that this case does not reflect a comprehensive financial reorganization effort, but rather a limited attempt by the Debtor to delay the foreclosure process.

### C. THE BANKRUPTCY FILING ON THE EVE OF AUCTION

10. On January 6, 2026, less than two days before the scheduled foreclosure auction, the Debtor filed a pro se petition for relief under Chapter 7 of the Bankruptcy Code in this Court. As a limited liability company in a Chapter 7 case, the Debtor is not eligible for a discharge, and this case is not a reorganization proceeding. 11 U.S.C. § 727(a)(1).

11. The timing and nature of the filing, coupled with the absence of any meaningful effort to address the mortgage default, demonstrate that the bankruptcy petition was filed solely to delay the foreclosure auction.

### D. LACK OF NOTICE TO THE MOVANT

12. The Debtor failed to list the Movants' proper address, despite having knowledge of same from the aforementioned mortgage the Debtor obtained from the Creditor. Despite having litigated the foreclosure matter in State Court, where this office represented the Movants, the Debtor failed to notify the Creditor's counsel of the bankruptcy filing. As a result, the Bankruptcy Noticing Center transmitted notice of the bankruptcy filing only to the Debtor, the Chapter 7 Trustee, and the United States Trustee.

13. Neither the Movant nor its counsel nor the referee received notice of the bankruptcy filing prior to the foreclosure auction. The lack of notice was not the result of any oversight by the Movant but rather flowed directly from the Debtor's defective and incomplete bankruptcy filing.

### E. THE FORECLOSURE AUCTION AND SALE

14. Unaware of the Debtor's bankruptcy filing, the foreclosure auction proceeded as scheduled.

15. The Property was sold at auction, and the successful bidder executed the Terms of Sale and Memorandum of Sale and tendered the required deposit (See Foreclosure Auction Part Fiduciary Form annexed hereto as **Exhibit D**; See Memorandum of Sale annexed hereto as **Exhibit E**; See Terms of

Sale annexed hereto as **Exhibit F**). The foreclosure sale when finalized is expected to generate approximately $93,000.56 in surplus proceeds for the benefit of the debtor and its creditors.

### F. PROCEDURAL DEFICIENCIES AND FAILURE TO PROSECUTE THE BANKRUPTCY CASE

16. On the same day the bankruptcy petition was filed, the Clerk of Court issued a Notice of Deficient Filing identifying numerous documents required to commence a Chapter 7 case that were not filed by the Debtor.

17. These deficiencies included, among other things, a certified creditor list, required corporate resolutions, corporate disclosure statements, and mandatory schedules and statements. (See Doc No.5 - Deficient Filing Chapter 7)

18. The Notice warned that the case was subject to dismissal within days if the deficiencies were not cured. To date, the Debtor has not demonstrated any meaningful effort to prosecute this bankruptcy case, propose a resolution, or protect the Property. The Debtor's own filings further reflect that this is effectively a single-creditor case with no anticipated distribution to unsecured creditors. (See Doc No.5 - Deficient Filing Chapter 7)

### LEGAL STANDARD

19. The automatic stay imposed by 11 U.S.C. § 362(a) arises immediately upon the filing of a bankruptcy petition, regardless of whether creditors receive notice of the filing. In the Second Circuit, actions taken in violation of the automatic stay are generally considered void. However, § 362(d)(1) expressly authorizes the Court to grant relief from the automatic stay, including retroactive annulment, "for cause." Annulment operates *nunc pro tunc* and permits the Court to validate actions taken post-petition where the equities of the case so require.

### ARGUMENT

### I. CAUSE EXISTS TO ANNUL THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

### A. THE BANKRUPTCY FILING WAS SOLELY DILATORY

20. The Debtor filed a pro se Chapter 7 petition on the eve of a commercial foreclosure auction despite being ineligible for a discharge and this case is not a reorganization proceeding.

21. The Debtor has not attempted to redeem the mortgage, cure the default, or otherwise resolve the underlying indebtedness, despite the Movant's openness to same, which was expressed to the Debtor's Counsel during the state court action. (See email communication annexed hereto as **Exhibit G**).

22. Courts routinely find cause to annul the automatic stay where, as here, a bankruptcy filing serves no legitimate bankruptcy purpose and is intended solely to delay a foreclosure sale.

23. Courts in this District have specifically recognized that cause exists to annul the automatic stay where a debtor files for bankruptcy on the eve of a foreclosure sale without notice to the secured creditor and for the sole purpose of delay. In *In re Hall*, 216 B.R. 702 (Bankr. E.D.N.Y. 1998), the court annulled the automatic stay *nunc pro tunc* to validate a post-petition foreclosure sale, emphasizing the debtor's dilatory filing, lack of notice to the lender, and the inequity of unwinding a completed sale conducted in good faith. The court held that § 362(d)(1) exists precisely to permit retroactive relief where rigid application of the stay would produce an unjust result.

### B. THE MOVANT ACTED IN GOOD FAITH AND WITHOUT NOTICE

24. The Movant and its foreclosure counsel were not listed on the creditor matrix and received no notice of the bankruptcy filing prior to the auction. The foreclosure auction proceeded in good faith and in reliance on a valid state-court Judgment of Foreclosure and Sale. The complete absence of notice to the Movant strongly supports retroactive annulment of the automatic stay.

### C. ANNULMENT WILL NOT PREJUDICE THE ESTATE OR OTHER CREDITORS

25. The foreclosure sale is expected to generate approximately $93,000.56 in surplus proceeds for

the benefit of the debtor. The Debtor's own filings reflect the absence of any meaningful unsecured creditor body that would be prejudiced by annulment of the stay. Under these circumstances, annulment preserves, rather than diminishes, estate value.

### D. EQUITY FAVORS PRESERVING THE COMPLETED SALE

26. The foreclosure auction resulted in executed sale documents and third-party reliance on the finality of the sale. Undoing the sale would create unnecessary disruption, undermine confidence in judicial foreclosure proceedings, and reward the Debtor's dilatory conduct. Equity therefore strongly favors annulling the automatic stay to validate the completed foreclosure sale. As the court recognized in *In re Hall*, retroactive annulment is particularly appropriate where a foreclosure sale has been completed in good faith and unwinding the transaction would reward delay tactics and undermine confidence in judicial foreclosure proceedings.

**WHEREFORE,** the Movant respectfully requests that this Court enter an order:

a. Annulling the automatic stay *nunc pro tunc* pursuant to 11 U.S.C. § 362(d)(1), retroactive to January 6, 2026, solely to validate the foreclosure auction conducted with respect to the Property;

b. Confirming that the foreclosure sale and all acts taken in furtherance thereof are valid and enforceable; and

c. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 28, 2026

DAVID A. KAMINSKY & ASSOCIATES, P.C.
By: David A Kaminsky, Esq.
Attorneys for Movant
299 Broadway, Suite 1615
New York, NY 10007
(212) 571-1227