Case 8-26-70051-las Doc 8-4 Filed 01/28/26 Entered 01/28/26 16:46:12



**Nassau County**
**Maureen OConnell**
**County Clerk**
**Mineola, NY 11501**

Ref ID#: EC 24 601057

Instrument Number: 2025- 00187126

As

**J65 - ELECT JUDGMENT FORECLO & SALE**

Recorded On:
Parties: November 10, 2025
ELLIOT GALPERN
TO
845 NASSAU ROAD LLC

Num Of Pages: 13

Recorded By: COURT

Comment:

** Examined and Charged as Follows: **

J65 - ELECT JUDGMENT FORECL          0.00

Recording Charge:          0.00

** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For: Nassau County, NY

**File Information:**

Document Number: 2025- 00187126
Receipt Number: 3646928
Recorded Date/Time: November 10, 2025 10:38:38A
Book-Vol/Pg: Bk-K Vl-1272 Pg-70
Cashier / Station: 0 DAL / NCCL-5KRYCS2

**Record and Return To:**



*Maureen O'Connell*

**County Clerk Maureen O'Connell**

Case 8-26-70051-las    Doc 8-4    Filed 01/28/26    Entered 01/28/26 16:46:12

At Part 26 of the Supreme Court held in the County of Nassau, at the Courthouse located at 100 Supreme Court Drive, Mineola, NY 11501, on the **31st** day of **October**, 20**25**.

PRESENT: Hon. Gary M. Carlton

JUSTICE OF THE SUPREME COURT

-----------------------------------------------------------------X

ELLIOT GALPERN, DAVID GALPERN, ARIEL STERN, AND MICHELLE ABRAMOV AS TRUSTEES OF THE LOUIS GALPERN IRREVOCABLE TRUST, and M.S.F.R.E. LTD.,

INDEX NO.: 601057/2024

Plaintiff(s),

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

v.

845 NASSAU ROAD, LLC and WILLIAM BLANCO,

MORTGAGED PROPERTY: 845 Nassau Road, Uniondale, NY 11553

Defendant(s),

SBL #: S:36; B:145; L:150.

-and-

"JOHN DOE" and "JANE DOE",

Tenants/Occupants.

-----------------------------------------------------------------X

UPON the Summons and Complaint, filed in this action on the 17th day of January, 2024, and Notice of Pendency filed in this action on January 19, 2024, the Notice of Motion dated August 4, 2025, the affirmation by David A. Kaminsky, Esq. dated July 15, 2025, the affidavit of merit and amount due by ARIEL STERN who is a Plaintiff in this action, duly affirmed on July 16, 2025, together with the exhibits annexed thereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

UPON proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has voluntarily appeared either personally or by an attorney

Rev. 12/2024

Case 8-26-70051-las    Doc 8-4    Filed 01/28/26    Entered 01/28/26 16:46:12

and Plaintiffs having established to the court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

A Court-Appointed Referee (hereinafter "Referee") having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Beth Chamow, Esq. dated June 18, 2025, showing the sum of $902,485.20 due as of the date of said Report and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

NOW, on motion by David A. Kaminsky, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, in one parcel, at a public auction on the North Side steps of the Supreme Court, 100 Supreme Court Drive, Mineola, NY, on a date to be set by the Court, by and under the direction of __Beth Chamow Court__ FID# 107007    516-972-4704 who is hereby appointed Referee for that purpose; that 2900 Hempstead Tpke, Suite 211, Levittown, NY 11756-1401 said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in

__The Uniondale Beacon__ ; and it is further

Rev. 12/2024

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment") and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she will comply with this court's rules and procedures as set forth in the Tenth Judicial District for the County of Nassau's policies concerning Public Auctions of Foreclosed Properties. If the Referee is unwilling or unable to comply with such provisions, the Referee shall notify the court immediately; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall

Rev. 12/2024

accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in his/her own name as Referee in his/her IOLA account or other separate account maintained for his/her clients at ___ Flushing Bank 260E RXR Plaza __, in Uniondale, NY 11556 accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in

Rev. 12/2024

paragraph (a) of subdivision 1 of section six-l of the Banking Law) is the purchaser, such party

shall place the property back on the market for sale or other occupancy: (a) within 180 days of

the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation,

or rehabilitation of the property, provided that such construction, renovation, or rehabilitation

proceeded diligently to completion, whichever comes first, provided however, that a court of

competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds

of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all

taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property

at the time of sale, with such interest or penalties which may have lawfully accrued thereon to

the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of

said proceeds of sale in her/his own name as Referee in his/her IOLA account per CPLR 2609 or

in _____ Flushing Bank / 260E RXR Plaza / Uniondale, NY 11556 _____, and shall thereafter make the following payments in

accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance

with CPLR 8003(b), not to exceed $750.00 unless the property sells for

$50,000.00 or more [-OR- *in the event a sale was cancelled or postponed,*

Plaintiff shall compensate the Referee in the sum of $ *250.00* for each
*court*

adjournment or cancellation, unless the Referee caused the delay];

SECOND: All taxes, assessments, and water rates that are liens upon the

property and monies necessary to redeem the property from any sales for unpaid

taxes, assessments, or water rates that have not become absolute, and any other

Rev. 12/2024

Case 8-26-70051-las    Doc 8-4    Filed 01/28/26    Entered 01/28/26 16:46:12

amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible

for interest and penalties due on any real property taxes accruing after the sale.

The Referee shall not be responsible for the payment of penalties or fees pursuant

to this appointment. The Purchaser shall hold the Referee harmless from any such

penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown

on the bills presented and certified by said Referee to be correct, duplicate copies

of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the

following:

Amount Due per Referee's Report: [$902, 485.20 with interest at the note

rate from October 1, 2023, until June 1, 2025, together with any advances as

provided for in the note and mortgage which Plaintiff has made for taxes,

insurance, principal, and interest, and any other charges due to prior mortgages or

to maintain the property pending consummation of this foreclosure sale, not

previously included in the computation, upon presentation of receipts for said

expenditures to the Referee, all together with interest thereon pursuant to the note

and mortgage, and then with interest from the date of entry of this judgment at the

statutory rate until the date the deed is transferred] ~~OR [$902, 485.20 with~~

~~interest at the statutory rate from October 10, 2023, the date of acceleration]~~;

Costs and Disbursements: $N/A, included in the attorney fees, adjudged to

the Plaintiff for costs and disbursements in this action, with interest at the

statutory judgment rate from the date of entry of this judgment;

Rev. 12/2024

Additional Allowance: $200.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees: $19,000.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be deposited with the Nassau County Treasurer by the Referee conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's

Rev. 12/2024

deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against Defendants 845 NASSAU ROAD, LLC and WILLIAM BLANCO, in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR §§ 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

Rev. 12/2024

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he/she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

Rev. 12/2024

Case 8 26-70051-las   Doc 8-4   Filed 01/28/26   Entered 01/28/26 16:46:12   INDEX NO. 601057/2024

RECEIVED NYSCEF: 11/12/2025

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof; and it is further

ORDERED, ADJUDGED AND DECREED that all foreclosure auctions shall be held on the North Side steps of the Nassau County Supreme Court "Rain or Shine." This information shall be stated in the Notice of Sale; and it is further

ORDERED, ADJUDGED AND DECREED that the Court shall set an approved date and time of all foreclosure auctions following a conference before the Court; and it is further

ORDERED, ADJUDGED AND DECREED that the Court Appointed Referee shall submit the Notice of Sale through the NYSCEF System at least 10 days prior to the date of the Foreclosure Auction; and it is further

ORDERED, ADJUDGED AND DECREED that at the conclusion of the Foreclosure Auction and sale of the subject property, the Court Appointed Referee, bank representative, and successful third-party bidder *shall memorialize* the sale by completing, executing, and filing a Memorandum of Sale with the Court. The Memorandum of Sale shall include the following information: Index number; name and address of the purchaser; address of the subject property; names of the Parties and Court Appointed Referee; the upset price; the final bid and final sales price; the amount of down payment; and an indication of whether any surplus money may be realized; and it is further

ORDERED, ADJUDGED AND DECREED that the Court Appointed Referee shall promptly submit to the Court, on the day of the Foreclosure Auction, the Fiduciary Form and the Memorandum of Sale at the Clerk's office, which is located on the first floor of the courthouse in Room 186; and it is further

Rev. 12/2024

ORDERED, ADJUDGED AND DECREED that *within 30 days of the closing* of the subject property the Court Appointed Referee shall complete and submit, through the *NYSCEF System*, a Nassau County Surplus Monies Form after which time the Court Appointed Referee will receive his/her compensation for conducting the foreclosure sale.

Said property is commonly known as 845 Nassau Road, Uniondale, NY, 11553.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

The terms of sale are annexed hereto as Schedule B.

ENTER:

DATED: Oct 31, 2025

J.S.C.

HON. GARY M. CARLTON
J.S.C.

**ENTERED**

NOV 10 2025

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Rev. 12/2024

FILED: NASSAU COUNTY CLERK 11/10/2025 09:00 AM

## SCHEDULE A
## DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Hempstead at Uniondale, County of Nassau and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side if Nassau Road, as widened, distant 46 feet southerly from the southerly end and tie line which connects the easterly side of Nassau Road with the southerly side of Avenue "B";

RUNNING THENCE north 47 degrees 15 minutes 10 seconds east, 86.66 feet to a point;

THENCE south 42 degrees 44 minutes 50 seconds east, 50.00 feet to a point;

THENCE north 47 degrees 15 minutes 10 seconds east, 50.00 feet to a point;

THENCE south 42 degrees 44 minutes 50 seconds east, 50.00 feet to a point;

THENCE south 47 degrees 15 minutes 10 seconds west, 137.05 feet to the easterly side of Nassau Road, as widened;

THENCE north 42 degrees 31 minutes 26 seconds west, 100.00 feet to a point or place of BEGINNING.