SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X
ELLIOT GALPERN, DAVID GALPERN, ARIEL
STERN, AND MICHELLE ABRAMOV AS
TRUSTEES OF THE LOUIS GALPERN
IRREVOCABLE TRUST, and M.S.F.R.E. LTD.,

Index No.: 601057/2024

                       Plaintiffs,

-against-

**TERMS OF SALE**
**REMOTE BIDDING AUTHORIZED**

845 NASSAU ROAD, LLC and WILLIAM BLANCO,

                       Defendants,

-and-

"JOHN DOE" and "JANE DOE",

                       Tenants/Occupants.
------------------------------------------------------------X

The real property located at 845 Nassau Road, Uniondale, NY 11553 ("premises") will be sold under the direction of Beth Chamow, Esq. ("the Referee") pursuant to the Judgment of Foreclosure and Sale and the following terms:

**FIRST:** The highest bidder ("Purchaser") acknowledges that these Terms of Sale are a binding contract and that Purchaser has read these terms and consents to each and every one, as indicated by Purchaser's signature on the Memorandum of Sale. Purchaser will, at the time and place of sale, sign the memorandum of sale annexed to the end of these Terms of Sale, unless Plaintiff is the Purchaser in which case a signature is not required.

**SECOND:** Except where the Purchaser is a remote bidder, Purchaser shall pay a ten percent (10%) deposit of the amount of the highest bid ("purchase price") in cash or certified or bank check to the Referee at the time and place of sale, for which a receipt will be given. Full credit will be given for any amount in excess of ten percent (10%). If Plaintiff is the Purchaser, the Referee shall not collect the ten percent (10%) deposit. Where the Purchaser is a remote bidder, the Referee shall defer collection of the ten percent (10%) deposit for up to (1) one business day so long as the remote bidding provider provides proof to the Referee that sufficient funds to cover the deposit are in escrow. The remote bidding provider shall then pay the ten percent (10%) deposit within (1) one business day of the conclusion of the auction. The Referee shall make available their wire transfer information to the remote bidding provider for this purpose.

**THIRD:** The Referee shall accept a written bid from Plaintiff or Plaintiff's attorney or agent as if Plaintiff appeared in person. If the Plaintiff has contracted with a third-party remote bidding technology provider, the Referee shall accept bids from individuals bidding through such provider as if they appeared in person.

**FOURTH:** The balance of the purchase price must be paid to the Referee at ~~the~~ Referee's Office 2900 Hempstead Turnpike Suite 211 Levittown NY, or other location of the Referee's choosing, on or before February 20, 2026, when the Referee's Deed will be ready. If Plaintiff is the Purchaser the Referee shall not collect the purchase price.

**TIME IS OF THE ESSENCE** with respect to the closing date. The failure of Purchaser to pay the balance of the purchase price will be a material default of these Terms of Sale, with no further notice being required from the Referee or Plaintiff's counsel, subjecting Purchaser to forfeiture of the deposit as liquidated damages and resale of the premises as specified in paragraph ELEVENTH.

The failure of Purchaser's title insurance vendor or lender to be ready to close in accordance with these Terms of Sale is not a valid reason to adjourn the closing date and constitutes a default. Purchaser agrees to provide Plaintiff with a title examination not more than 14 days after sale and if not provided Purchaser waives any objections to title.

**FIFTH:** An adjournment of the closing date stated in paragraph FOURTH, for any reason including but not limited to title clearance, litigation or any of the items listed in Paragraph EIGHTH, shall be at the sole discretion of Plaintiff, must be in writing, and must be requested within two (2) business days before the date in Paragraph FOURTH. In the event an adjournment is granted, it will be for no more than thirty (30) days. It is the sole responsibility of the Purchaser to request an adjournment from Plaintiff. Time is of the essence with respect to any adjourned date.

Any adjournment shall be subject to interest at the rate of nine percent (9%) per annum on the entire purchase price from the date set forth in paragraph FOURTH until the transfer of the Referee's deed, unless the delay is solely the fault of the Referee. Purchaser shall pay all costs, fees, taxes, assessments, water rates, charges of any kind by a homeowners or condominium association, and expenses incurred by any party in connection with, or as a result of, the adjournment.

**SIXTH:** Neither the Referee nor the Plaintiff is required to send any further notice to the Purchaser of the closing date; and if the Purchaser neglects to appear at the date and place specified in paragraphs FOURTH or FIFTH to pay the balance of the purchase price and receive the deed, the Purchaser will be in material default of these terms.

**SEVENTH:** The Referee shall pay out of the sale proceeds only those items required by the Judgment of Foreclosure and Sale and Real Property Actions and Proceedings Law § 1354, including taxes, assessments and water rates that are liens upon the premises at the time of sale. All taxes, assessments, water rates, charges of any kind by a homeowners or condominium association, and other municipal liens which become liens after the sale, including transfer tax, which is not a lien as of the time of sale, are the sole responsibility of the Purchaser. The Purchaser shall be liable for any interest or penalty due on any taxes, assessments, water rates, and other municipal liens accruing after the sale. The Purchaser shall also be liable for charges of any kind by a homeowners or condominium association that accrue after the sale.

In the event that the Plaintiff advanced monies for any taxes, assessments, water charges, municipal liens, sewer rents, insurance or charges by a homeowners or condominium association covering a period which is after the sale date, Purchaser agrees to adjust and reimburse Plaintiff for such advances.

All expenses of closing and recording the Referee's deed, including, but not limited to, title insurance, transfer taxes, deed recordation costs, ACRIS or similar fees, and preparation fees for transfer documents and closing fees demanded by the Referee shall be paid by the Purchaser, not by the Plaintiff or the Referee from sale proceeds. The obligation to pay transfer tax is hereby shifted to and shall be paid by the Purchaser in accordance with Tax Law §1404(b)(1).

Any errors or omissions in computing the amount due Plaintiff pursuant to the Judgment of Foreclosure and Sale and these Terms of Sale shall be corrected and reimbursement by the Purchaser and shall be issued as necessary. This provision shall survive the closing and delivery of the Referee's Deed.

**EIGHTH:** The Purchaser agrees that this sale is subject to the following, which are neither valid exceptions to clear or insurable title nor valid reasons to adjourn the closing:

(a). Rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b). Any state of facts that an accurate survey might disclose, including reapportionment of tax lots or changes to the section, block and lot subsequent to the filing of the Notice of Pendency. Plaintiff is not required to provide a survey;

(c). Rights of Tenants, occupants or squatters, if any, whether or not said parties are named in the foreclosure. Plaintiff makes no representations as to the occupancy status of the premises. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of the premises. There shall be no adjustment for rents after the date of sale;

(d). Prior mortgages, liens or encumbrances not provided for in the judgment or any transfer of title, mortgage lien or encumbrance that is recorded after the Notice of Pendency;

(e). The right of redemption of the United States of America;

(f). Any rights pursuant to CPLR §§ 317, 2003, and 5015, any appeal of the foreclosure, or additional litigation brought to contest the validity of the foreclosure or this sale including any notice of pendency, whether filed before or after the sale;

(h). Any rights or defenses raised pursuant to RPAPL § 1302-a;

(i). Any building and zoning regulations, restrictions, ordinances, orders, requirements and amendments thereto of the municipality, state, or federal government, or any agency, bureau, commission or department with jurisdiction over the premises, and any violations or notices of violations issued by same, including, but not limited to code violations, emergency repair liens, RPAPL Art. 7A Administrators, relocation liens, reapportionment of lot lines, or vault charges and any associated notice of pendency;

(j). Any bankruptcy in which there is no automatic stay, pursuant to e 11 USC § 362 (c)(4)(A) Plaintiff has no duty or obligation to obtain a comfort order pursuant to 11 USC § 362 (c)(4)(A)(ii);

(k). Any Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos and toxic substances;

(l). Title exception(s) raised by a title insurance company for underwriting reasons that are not valid liens or encumbrances pursuant to law.

(m). Any covenants, easements, rights of way, declarations, reservations, and restrictions of record;

(n). If the premises are part of a condominium or Planned Urban Development ("PUD"), the declaration and the by-laws of the condominium pertaining to the premises;

(o). Outstanding condominium charges, if any, that have not been extinguished by the foreclosure sale; or Any work that may have been performed on the premises by the City of New York or any demand made by the City for any work that may result in charges by the New York City Department of Rent and Housing Maintenance, Emergency Services, The New York City Department of Environmental Protection for Water Tap Closing or any related work; and the New York City Department of Health, which liens are not of record at the time of sale.

**NINTH:** The premises are being sold in "as is" condition, defined as the physical condition and state of title of the premises on the day of sale, notwithstanding the condition of the premises on the day of closing. Purchaser assumes all risk of loss or damage to the premises from the date of sale until the date of closing and thereafter. Neither the Referee nor the Plaintiff have made any representations regarding the physical condition, state of title, rents, leases, expenses, operation or any other matter affecting or relating to the premises, and the Purchaser hereby expressly acknowledges that no representations have been made. There is no obligation or legal right to provide the Purchaser access to the premises.

**TENTH:** If Purchaser is unable to obtain title insurance or a clear abstract of title, excluding the matters contained in Paragraph EIGHTH which the Purchaser agrees are not valid exceptions to clear or marketable title, then Purchaser agrees to allow Plaintiff or its counsel, at their sole discretion, to arrange for a title insurance policy, if possible, which will be an American Land Title Association (ALTA) policy issued at standard premiums, subject to customary exceptions. Purchaser agrees to pay for the cost of a title insurance policy under this Paragraph. Purchaser waives the right to collect from Plaintiff any costs, fees, and/or premiums previously incurred by Purchaser for any abstract or title policy ordered with respect to the subject premises.

In the event that a title defect is identified which renders title uninsurable, Purchaser hereby agrees to allow Plaintiff, at its sole discretion, the opportunity to cure said defect regardless of whether or not the time to cure the defect exceeds the Time of the Essence closing date. If Plaintiff chooses to cure the title defect, the Purchaser's rights and obligations under these Terms of Sale shall not change and the Purchaser is responsible for all additional taxes, assessments, and water rates that accrue between the sale and closing. If Plaintiff chooses to cure the title defect, Purchaser hereby agrees to close upon resolution.

**ELEVENTH:** If the Purchaser fails to comply with any of the above terms then the Purchaser is in default and the premises shall be resold by the referee. In the event of Purchaser's default and a resale, Purchaser's deposit shall be forfeit to Plaintiff as liquidated damages because it is impossible to accurately determine the damages incurred by Plaintiff. Upon default, Purchaser expressly authorizes the Referee to deliver the forfeit deposit to Plaintiff. Plaintiff is not required to obtain a court order for the Referee to resell the premises or to forfeit Purchaser's deposit to the Plaintiff. Such forfeiture shall not be a waiver of any rights Plaintiff has to seek and obtain additional damages.

**ELFTH:** The Purchaser hereby agrees that the successful bid is subject to any arrangement made prior to sale between Plaintiff and Defendant borrower(s) for the reinstatement, payoff, modification, home retention option or workout of the delinquent note and mortgage which are at this time unknown to the Referee. If any such arrangement was made, the sale and these Terms of Sale shall be deemed rescinded, null and void as if they never occurred, and the Referee shall promptly refund the deposit to Purchaser, without recourse against Referee, Plaintiff its successors and assigns, or _____, its attorneys and employees, Defendant, or further order of court.

**THIRTEENTH:** In the event the closing is stayed by court order the sale and these Terms of Sale may be rescinded by Plaintiff at its sole discretion without further order of court. If the sale is not rescinded, then the Purchaser's rights and obligations under these Terms of Sale shall not change and the Purchaser is responsible for all additional taxes, assessments, and water rates that accrue between the sale and closing.

In the event a bankruptcy petition is filed, prior to the scheduled foreclosure sale, by any party with an interest in the subject premises, which bankruptcy filing stays the foreclosure sale of the subject premises, the down payment tendered by the Purchaser at the sale, shall be refunded by the Referee and the sale deemed null and void. The Purchaser shall have no further rights or recourse, against Plaintiff or the Referee, other than the return of the down payment.

In the event a bankruptcy petition is filed by any party with an interest in the subject premises subsequent to the scheduled foreclosure sale but prior to closing, Plaintiff may, at Plaintiff's option, make an application to the bankruptcy court within a reasonable time to confirm the sale. In the event the bankruptcy court confirms the sale, a closing shall take place within 30 days of the confirmation. In the event the bankruptcy court does not confirm the sale, the down payment tendered by the Purchaser at the sale shall be refunded by the referee and the sale deemed null and void. The Purchaser shall have no further rights or recourse, against Purchaser or the Referee, other than the return of the down payment.

In the event of a mistake, defect or irregularity in the foreclosure proceedings or sale, or failure to comply with the requirements of the CPLR, RPAPL or RPL, Purchaser hereby agrees that Plaintiff, at its sole discretion, shall rescind the sale and these Terms of Sale shall be deemed null and void as if they never occurred, and the Referee shall promptly refund the deposit to Purchaser, without recourse against Referee, Plaintiff its successors and assigns, or _____, its attorneys and employees, Defendant, or further order of court.

In the event the sale is set aside for any reason, Purchaser shall be entitled only to a return of the deposit paid. Purchaser shall have no further recourse against the Referee, Plaintiff its successors and assigns, or _____, its attorneys and employees.

**FOURTEENTH:** Neither the Referee nor Plaintiff shall be liable for or bound by any verbal or written statements, representations, promises, or guaranty, real estate broker's commissions or information pertaining to the premises furnished by any third party, real estate broker, agent or their employee. Neither the Referee nor the Plaintiff is liable for any express or implied warranties, guaranties, promises or statements of any kind relating in any manner to the premises. All understandings and agreements heretofore had between the parties are merged in these Terms of Sale, which fully and completely express their agreement. These Terms of Sale cannot be changed, terminated, or waived orally. These Terms of Sale shall be binding on the Purchaser(s) and any heirs, successors and assigns thereof.

**FIFTEENTH:** The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

_____
Referee

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------X
ELLIOT GALPERN, DAVID GALPERN, ARIEL
STERN, AND MICHELLE ABRAMOV AS
TRUSTEES OF THE LOUIS GALPERN
IRREVOCABLE TRUST, and M.S.F.R.E. LTD.,

Index No.: 601057/2024

Plaintiffs,

-against-

**TERMS OF SALE**
**REMOTE BIDDING AUTHORIZED**

845 NASSAU ROAD, LLC and WILLIAM BLANCO,

Defendants,
-and-

"JOHN DOE" and "JANE DOE",

Tenants/Occupants.
----------------------------------------X

Steve A. Galibov has this the 8th day of January, 20 26, purchased the real property described in the accompanying Terms of Sale for the sum of One million One hundred fifty thousand Dollars ($ 1,150,000.00).

I hereby acknowledge reading the preceding Terms of Sale, agree they are a binding contract and consent to each and every provision, and promise and agree to comply with same.

Dated: Jan. 8, 20 26

X _____
Purchaser

Received from the said Purchaser the sum of One hundred twenty thousand Dollars ($ 120,000.00), being ten percent (10%) of the amount bid by the said Purchaser(s) for property sold by me, under the Judgment in the above captioned action.

_____
Referee

Purchaser's Contact Information:

Name: Steve A. Galibov
Phone No.: 917 704 4520
Purchaser's Attorney's Name: Moshes Law
Attorney's Phone No.: 888-445-0234
Attorney's Email: Glitvin@mosheslaw.com

Plaintiff's Contact Information:

Name: Elliot Galpern
Phone No.: 718-781-1191
Email: Elliot@DoMY.NYC